IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HAYDEN, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KARIEJEAN KORDICK A/K/A Karie Kordick A/K/A K.J. Kordick A/K/A Cole Frauhauf A/K/A Haines Elizabeth A/K/A Chelsea Berding A/K/A Doug Matteson A/K/A Kyu Utsunomiya A/K/A Jimmy Hays A/K/A Paul Brantley A/K/A Megan Nicaj A/K/A Clairease Mitchell A/K/A Doris Crets A/K/A Heidi Barlow A/K/A Bryan Brad A/K/A Sherry Rice A/K/A Selina Cook Jordan A/K/A Melissa Mae A/K/A Kristi Ann A/K/A Rayanne Tandrian A/K/A Donald Sorenson A/K/A Kara Love A/K/A Shawna Perkins A/K/A Michael Anthony A/K/A Nick Farrow A/K/A Ken Coburn A/K/A Clifton Lambreth A/K/A Chris Anders A/K/A Sean Macabio A/K/A Todd Hasds A/K/A Fud Sta Naim A/K/A Ricky Runtz A/K/A Ricky Joseph A/K/A Ricky Carroll A/K/A Ricky Herrera A/K/A Ricky Tishler A/K/A Defancico Jeremy, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case Number: 1:22-cv-6957 |
| and | ) |
| | ) |
| META PLATFORMS, INC., a Delaware business corporation registered in the State of Illinois, | ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, ELIZABETH HAYDEN, an individual, ("Plaintiff"), by and through her attorneys, the law firm COLE SADKIN, LLC, for its Complaint against Defendant, KARIEJEAN KORDICK A/K/A Karie Kordick A/K/A K.J. Kordick A/K/A Cole Frauhauf A/K/A Haines Elizabeth A/K/A Chelsea Berding A/K/A Doug Matteson A/K/A Kyu Utsunomiya A/K/A

Jimmy Hays A/K/A Paul Brantley A/K/A Megan Nicaj A/K/A Clairease Mitchell A/K/A Doris Crets Heidi Barlow A/K/A Bryan Brad A/K/A Sherry Rice A/K/A Selina Cook Jordan A/K/A Melissa Mae A/K/A Kristi Ann A/K/A Rayanne Tandrian A/K/A Donald Sorenson A/K/A Kara Love A/K/A Shawna Perkins A/K/A Michael Anthony A/K/A Nick Farrow A/K/A Ken Coburn A/K/A Clifton Lambreth A/K/A Chris Anders A/K/A Sean Macabio A/K/A Todd Hasds A/K/A Fud Sta Naim A/K/A Ricky Runtz A/K/A Ricky Joseph A/K/A Ricky Carroll A/K/A Ricky Herrera A/K/A Ricky Tishler, A/K/A Defancico Jeremy, an individual, (collectively referred to hereinafter as "Kordick Defendant"), and META PLATFORMS, INC., a Delaware business corporation registered in the State of Illinois, ("Meta"), (collectively referred to hereinafter as "Defendants"), and in support of her Complaint, states:

## PARTIES

1. Plaintiff is an individual who resides in Riverside County, California.
2. The Kordick Defendant is an individual who resides in Walworth County, Wisconsin.
3. Meta is a Delaware business corporation registered in the State of Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).
5. This Court has personal jurisdiction over Defendants pursuant to *Calder v. Jones*, 465 U.S. 783, 789 (1984), because Defendants have established minimum contacts with the state of Illinois based on the effects of the Kordick Defendant's conduct and that Meta is registered to do business in Illinois.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims contained in this Complaint occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. Defendant initially contacted Plaintiff through Facebook Messenger in November 2021 under the alias "Cole Fruehauf" for the sole purpose of engaging in casual social conversation.

8. Messaging ensued between Plaintiff and Defendant for several weeks until Defendant began making threats to Plaintiff to cause, *inter alia*, severe bodily harm to Plaintiff's person.

9. Further, Defendant exhibited stalking–like behavior through a series of messages claiming that she "could see Plaintiff [in Plaintiff's home]" and "see what Plaintiff was doing [in Plaintiff's home]". Further, Defendant made claims to have placed surveillance cameras in Plaintiff's home electronics, including her computer and televisions, and that Defendant "was watching Plaintiff [in Plaintiff's home]".

10. Defendant made continuous threats to Plaintiff on an ongoing basis that Defendant had initiated a smear campaign on the *dark web*.

11. Defendant made continuous threats to Plaintiff on an ongoing basis that Defendant would assume Plaintiff's identity, which Defendant did in fact do, and destroy Plaintiff's social network with the sole intent of defaming Plaintiff's character and reputation with her family, friends and business contacts. By way of example, during the November 2021 timeframe, Defendant cloned Plaintiff's Facebook account and published defamatory posts claiming that Plaintiff was an adult entertainer in Las Vegas. Further, during that same

time frame, Defendant published defamatory posts alleging that Plaintiff's sons were taken away from her as a result of improper or illegal conduct committed by Plaintiff. Defendant also contacted Plaintiff's male contacts within the Facebook platform through the cloned profiles and solicited sex.

12. Upon information and belief, Defendant is skilled in social media sabotage as she holds herself out to be as part of "ETS Intelligence" – a private intelligence company.

13. Defendant's harassment of Plaintiff, as enumerated above, has been continuous, relentless, and ongoing for over a year and is continuing today despite Plaintiff's complaints to Meta, Facebook, and other related social media outlets.

14. Defendants' acts, as enumerated above, have caused Plaintiff significant emotional and mental distress as well as adversely affected her health and well-being.

## COUNT I
## DEFAMATION *PER SE*
## (Kordick Defendant)

15. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16. The Kordick Defendant published a series of false statements to third parties, as enumerated above, including those imputing to Plaintiff the commission of a criminal offense, namely the solicitation of sex.

17. The false statements were unprivileged.

18. The Kordick Defendant made the false statements to a third party, namely the public at large, which has caused significant emotional and financial damage to Plaintiff.

19. Under Illinois law, Plaintiff need not plead or prove actual damage to her reputation to recover as the false statements, as enumerated above, are so obviously and materially harmful to Plaintiff that injury to his reputation may be presumed.

20. To date, The Kordick Defendant has failed to correct the public record as to the false statements Defendant made concerning Plaintiff and continues this behavior unabated.

21. The false statements, as enumerated above, constitute defamation *per se*.

22. The Kordick Defendant's false statements, as enumerated above, have damaged Plaintiff emotionally and professionally, have damaged Plaintiff's reputation, and will continue to damage Plaintiff's reputation in the future.

WHEREFORE, based on the forgoing, Plaintiff, ELIZABETH HAYDEN, an individual, respectfully requests that this Court enter judgment in her favor and against the Kordick Defendants in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial, as well as costs, attorney's fees, punitive damages, and such other relief as this Court deems appropriate.

## COUNT II
## INJUNCTIVE RELIEF
**(All Defendants)**

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth herein,

24. In order to be entitled to an injunction as relief, the party seeking an injunction must show: "(1) a clear and ascertainable right in need of protection; (2) that he or she will suffer irreparable harm if the injunction is not granted; and (3) that there is no adequate remedy at law." Kopchar v. City of Chicago, 395 Ill. App. 3d 762, 772 (1st Dist. 2009). *See also* Hasco, Inc. v. Roche, 299 Ill. App. 3d 118, 126 (1st Dist. 1998).

25. Plaintiff has an unambiguous, protectable right to the preservation of her identity and reputation as well as an unambiguous, protectable right to live her life free from cyber harassment by the Kordick Defendant.

26. Plaintiff seeks temporary and permanent injunctive relief to prevent the Kordick Defendant from further cyber harassment and from engaging in conduct that is threatening to her person and defamatory in nature as to her character and reputation.

27. Plaintiff also bring this action to protect others from the same conduct she has suffered at the hands of the Kordick Defendant.

28. Plaintiff will be irreparably harmed if the Kordick Defendant is not precluded by Meta from her continued conduct as enumerated herein.

29. Specifically, should the Kordick Defendant's conduct be permitted to continued unabated by Meta, Plaintiff will continue to suffer mental and emotional harm and irreparable damage to her personal and professional reputation.

30. Plaintiff has no adequate remedy at law to protect herself from the injuries that the Kordick Defendant's actions have caused and will continue to cause.

31. Plaintiff has a high likelihood of success on the merits, as Plaintiff has demonstrated that the Kordick Defendant is engaging in continued cyber harassment and conduct that is threatening to her person and defamatory in nature as to her character and reputation both personally and professionally.

WHEREFORE, Plaintiff, ELIZABETH HAYDEN, an individual, requests that this Court enter a temporary, preliminary and/or permanent injunctive order as follows:

A. enter a temporary restraining order, preliminary injunction, and permanent injunction, ordering the Kordick Defendant to cease immediate and total communication with Plaintiff;

B. enter a temporary restraining order, preliminary injunction, and permanent injunction, ordering the Kordick Defendant to immediately remove and terminate all cloned profiles associated in any way shape or form with Plaintiff or her likeness from all Meta social media platforms;

C. enter a temporary restraining order, preliminary injunction, and permanent injunction, ordering the Kordick Defendant to cease and desist from engaging in further cloning and utilization of Plaintiff's likeness from all Meta social media platforms;

D. enter a temporary restraining order, preliminary injunction, and permanent injunction, ordering the Kordick Defendant to cease and desist from engaging or otherwise communicating with Plaintiff's personal and business contacts from all Meta social media platforms whether as herself or by way of any cloned profile purporting to be Plaintiff;

E. enter a temporary restraining order, preliminary injunction, and permanent injunction, ordering Meta to immediately remove the Kordick Defendant from all of Meta social media platforms and to take any action necessary to prevent the Kordick Defendant form engaging in like activity in the future; and

F. for any other such relief as the Court deems just, equitable, and proper.

## COUNT III
## TORTOUS INTERFERENCE
### (Kordick Defendant)

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. To sustain a cause of action for tortious interference with business relationships in Illinois, a plaintiff must establish: "(1) a plaintiff has a valid business relationship expectancy, or contract with a third party; (2) that a defendant knew of that expectancy, relationship, or contract; (3) that a defendant had intentionally interfered with that expectancy, relationship, or contract inducing or causing a breach or termination of the expectancy, relationship, or contract; and (4) that the interference caused damage to the plaintiff. *Stofer v. First Nat'l Bank*, 212 Ill. App. 3d 530 (5th Dist. 1991).

34. Plaintiff had a valid business relationship expectancy with numerous client contacts within Plaintiff's social media network on Meta platforms.

35. Defendant Kordick knew of Plaintiff's business relationship expectancy with client contacts within Plaintiff's social media network on Meta platforms.

36. Defendant Kordick intentionally interfered with Plaintiff's expectancy and relationships with client contacts within Plaintiff's social media network on Meta platforms through Defendant Kordick conduct as enumerated above causing customer loss as well as significant and irreparable damages to Plaintiff's professional reputation.

37. Defendant Kordick conduct, as enumerated above, was intentional, malicious, tortious, without merit or basis, and calculated to cause irreparable harm to Plaintiff's business irreparable damage to Plaintiff's professional reputation.

WHEREFORE, Plaintiff, ELIZABETH HAYDEN, an individual, requests that this Court enter a judgement in her favor and against the Kordick Defendant in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial, as well as costs, attorney's fees, punitive damages, and such other relief as this Court deems appropriate.

Dated this 12th day of December 2022.

                                          Respectfully Submitted,

                                    By: /s/ Mason S. Cole
                                             Mason S. Cole

**COLE SADKIN, LLC**
Mason S. Cole
1652 W Belmont Ave., Suite 1
Chicago, IL 60657
(312) 548-8610
mcole@colesadkin.com
*Counsel for Plaintiff*
ARDC No. 6307727